**UNITED STATES of America**

**v.**

**Samuel A. FISHMAN, Defendant.**

**No. 08 CR. 221 VM.**

United States District Court, S.D. New York.

July 24, 2012.

Sarah Y. Lai, U.S. Attorney's Office, SDNY, New York, NY, for United States of America.

*DECISION AND ORDER*

VICTOR MARRERO, District Judge.

On March 28, 2008, Defendant Samuel Fishman ("Fishman") pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. on June 26, 2009, the Court sentenced Fishman to serve a below Sentencing Guidelines-range sentence of fifteen months imprisonment followed by three years of supervised release, with a condition of continuing mental health counseling. The Court also imposed a $10,000 fine and ordered the payment of $350,000 in restitution and a mandatory $100 special assessment. By letter dated April 16, 2012, Fishman requested early termination of his supervised release. For the reasons below, Fishman's request is DENIED.

In his application for early termination, Fishman advised the Court that his incarceration has ended, that he has fully paid the fine, restitution and assessment, and that he is more than halfway through his term of supervised release. Fishman asks the Court to consider his extensive volunteer work (while in prison and following his release), his desire to visit his daughters who have moved to Florida and California, as well as other personal matters.

By letter dated July 22, 2012, the Government opposed Fishman's request for early termination. The Government argues that continued supervised release is appropriate and necessary to ensure that Fishman attends mental health counseling, as was required by the conditions of his supervised release. Moreover, the Government points out that courts have routinely declined to reduce terms of supervised release because of a defendant's health problems or family obligations, and

that Fishman's circumstances are no different from such defendants. Finally, the Government explained that it did not oppose Fishman being afforded reasonable opportunities to travel to see his daughters during the remaining 13 months of his supervised release, provided that he obtains prior approval from the Probation Office.

Having considered the submissions from the parties, the Court is not persuaded that early termination of Fishman's supervised release is warranted. The Court agrees with the Government's view that the remaining period of supervision will enable the Court to monitor Fishman's compliance with the condition of mental health counseling, a matter Fishman's application does not address. This ruling should not, however, preclude Fishman from obtaining prior approval from the Probation Office to travel out of district to see his daughters during the remainder of his term of supervised release. Accordingly, Fishman's request is denied.

SO ORDERED.